

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 5773 | **DATE** | 11-27-00 |
| **CASE TITLE** | United States ex rel. Tracy Williams v. Blair J. Liebach, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The petition for writ of habeas corpus is summarily dismissed under Rule 4, terminating case.

(11) ■ [For further detail see order attached to the original minute order.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 30 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 9 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JW | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED FOR DOCKETING
00 NOV 30 AM 11:09

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

United States ex rel. )
)
TRACY WILLIAMS, )
)
    Petitioner, ) No. 2000 C 5773
) Judge Ronald A. Guzmán
    v. )
)
BLAIR J. LIEBACH, Warden )
)
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Tracy Williams filed this petition for habeas corpus challenging his conviction of armed robbery in the Circuit Court of Cook County on November 26, 1996, following a bench trial. Williams had been charged with both murder and armed robbery. At the conclusion of the state's case, Williams' counsel moved for a finding of not guilty on both charges. The judge granted the motion as to the murder charge. After indicating that she was going to grant the motion as to the armed-robbery charge as well, the court reconsidered, asked for legal authority, and ultimately denied the motion. Neither the state nor Williams presented further evidence, and Williams was convicted of armed robbery.

Williams claimed that the judge's initial pronouncement constituted an acquittal, and her reconsideration violated the Double Jeopardy Clause of the Fifth Amendment. Williams' double jeopardy claim was raised on direct appeal and rejected by the Illinois Supreme Court, with Justices Harrison and Heiple dissenting. *People v. Williams*, 188 Ill.2d 293, 721 N.E.2d 524 (1999). This claim is accordingly ripe for habeas review.[1]

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to conduct an initial review of habeas corpus petitions. The court may summarily dismiss a petition without ordering a response if it plainly appears from the face of the

---

[1] Williams' habeas petition stated that his appeal of the denial of a post-conviction petition raising unspecified other issues was pending before the First District Appellate Court. This court cautioned petitioner that if the court proceeded to rule on his habeas petition, he would in all probability be unable to raise additional claims on federal habeas review. With that understanding, petitioner has asked the court to rule on his petition.



petition and its exhibits that the petitioner is not entitled to relief. The petition presents a single issue, and petitioner has provided both the transcript of the trial judge's disputed ruling and the opinion of the Illinois Supreme Court. The court finds that the petitioner is not entitled to relief, and the petition is summarily dismissed without ordering a response to the petition.

A federal court may grant a writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas review of state convictions is highly deferential, both with respect to the state court's factual findings and its application of the law to the facts. A federal court may not grant a writ of habeas corpus unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Neither condition is satisfied.

The Fifth Amendment's Double Jeopardy Clause's guarantee that no one shall "be subject for the same offence to be twice put in jeopardy of life or limb" is applicable to the states through the Due Process Clause of the Fourteenth Amendment. An acquittal on a charge absolutely bars retrial on that charge. *See, e.g., Arizona v. Washington*, 434 U.S. 497, 503 (1978)("The constitutional protection against double jeopardy unequivocally prohibits a second trial following an acquittal.... If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair.") A ruling by the trial judge that the evidence would not support a conviction acts as an acquittal. *Smalis v. Pennsylvania*, 476 U.S. 140 (1986). Following an acquittal, the Double Jeopardy Clause not only prohibits a second trial but also "'further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged.'" *Id.*, 476 U.S. at 146 (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 570 (1977)). An oral ruling of acquittal may be effective before final judgment in the case. "[A] verdict of acquittal is final, ending a defendant's jeopardy, and even when 'not followed by any judgment, is a bar to a subsequent prosecution for the same offense.'" *Green v. United States*, 355 U.S. 184, 188 (1957)(quoting

2

*United States v. Ball*, 163 U.S. 662, 671 (1896)). The question here is whether the Illinois Supreme Court reasonably applied the law in finding that the trial judge's words did not constitute an acquittal.

The trial judge had heard evidence that petitioner had driven his codefendant, Jamal Crumble, to meet the victim, Thomas Yednak, in a grocery store parking lot in order for Jamal to sell Yednak a minicamera. Williams and Jamal, followed by Yednak, drove to a side street to complete the transaction. According to Williams, Yednak wanted to pay for the minicamera with drugs, and Yednak and Jamal argued over the price. The argument escalated to a fight, with petitioner and Jamal against Yednak. The fight ended when Jamal pulled a gun and shot Yednak. Defendant took $20 from Yednak's pocket and drove to work.

At the conclusion of the state's case, defendant's counsel moved for a directed verdict on both charges. After reviewing the evidence, the judge granted a directed verdict on the murder charge. She further indicated that she did not believe that taking money from the dead victim amounted to armed robbery without proof of a prior intent to rob: "I simply cannot find based on the evidence that's presented to me that the State even in the light most favorable to the State has met a prima facie case at this juncture, so I'm going to grant the motion for a directed finding and finding of not guilty as to the armed robbery as well because I believe it would have to be established that that -- that there was an intention to do that prior to the killing and I don't find that he participated in that." After reviewing the lack of evidence that Williams conspired with Jamal to rob Yednak, the judge added, "Now, if you want to provide me with something, I'll be happy to look at it if you want me to hold that in abeyance but I don't think that it's established." Transcript excerpt attached to petitioner's Motion to Amend Petition at P-30-31.

The state seized its opening and asked the judge to hold her ruling in abeyance. The judge agreed to review the state's authority, *id.* at P-31-32, and the next day she denied the motion for acquittal on the armed robbery charge. Williams did not present evidence, and he was convicted.

The court concludes that the determination of the Illinois Supreme Court that Williams was not acquitted of the armed robbery charge was reasonable. When a person says he or she is "going to" do something unless something else happens to change his or her mind, the usual inference is

3

that the thing has not been done. The Illinois Supreme Court accepted that, under Illinois precedents, an unequivocal oral pronouncement could not be reconsidered, but found the judge did not make such a pronouncement. This conclusion was reasonable. Although the judge indicated her belief that acquittal would be proper, on her own initiative she asked whether the state could provide contrary authority, and indicated her willingness to hold her ruling in abeyance. That was reasonably found not to be an unequivocal declaration of acquittal.

Whether or not the Illinois Supreme Court's ruling is fully consistent with Illinois precedent, as the dissenting justices disputed, is not the issue here. The ruling cannot be seen as a denial of due process as a capricious departure from established Illinois law. Nor is it contrary to established federal law to permit immediate reconsideration of a tentative decision to acquit. The fundamental purpose of the Double Jeopardy Clause was not offended, as there was no retrial, nor did the state introduce additional evidence. The court also notes that in federal prosecutions a judge may, in a timely manner, reconsider the granting of a motion for acquittal under Rule 29(a), Fed.R.Crim.P., without violating the Double Jeopardy Clause. *United States v. Byrne*, 203 F.3d 671, 673-75 (9th Cir. 2000); *United States v. Rachman*, 189 F.3d 88, 132-34 (2d Cir. 1999); *United States v. Washington*, 48 F.3d 73, 79 (2d Cir. 1995); *cf. United States v. Blount*, 34 F.3d 865 (9th Cir. 1994)(district court impermissibly reinstated dismissed counts after defendant had presented his defense, and after court had announced to the jury that dismissed counts were "no longer in the case"). The petition for writ of habeas corpus is accordingly denied.

IT IS SO ORDERED.

Ronald A. Guzmán, Judge
United States District Court

DATED: 11/27/10